(108 App. Div. 174)

In re DAWES.

HODDICK et al. v. ELLIOTT.

(Supreme Court, Appellate Division, Fourth Department. October 18, 1905.)

EXECUTION—SUPPLEMENTAL PROCEEDINGS—ORDER—SERVICE. ·
Code Civ. Proc. § 425, pertaining to the service of summons in an action, provides that it may be served by any person other than a party to the action. Section 433 provides that the provisions of the article relating to the service of a summons are applicable to the service of any process or other paper, whereby a special proceeding is commenced, except where special provisions for the service are made. By section 2432, subd. 3, the examination of a person having property of a judgment debtor or indebted to him is a special proceeding. Section 2452 points out the manner in which the order must be served, but does not designate the person to make the service, and provides that the order must be exhibited to the person to be served and a copy thereof and of the affidavit must be delivered to him. Section 2520, providing for the service of process in proceedings in Surrogate's Courts, expressly provides that it may be made by a party to the special proceeding. *Held*, that a judgment creditor may not serve an order for the examination of a third person in supplemental proceedings.

McLennan, P. J., dissenting.

Appeal from Special Term, Erie County.

Action by Frederick C. J. Hoddick and another against Rachel E. Elliott. Appeal by plaintiffs from an order setting aside the service of an order for the examination of Charles S. Dawes, a third person. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and HISCOCK, JJ.

Arthur W. Hickman, for appellants.
Joel Russell, for respondent.

SPRING, J. The plaintiffs in the action recovered a judgment against Rachel E. Elliott. The present proceeding was commenced with the granting of an order by the county judge of Erie county, pursuant to subdivision 3, § 2432, Code Civ. Proc., for the examination of Dawes, upon an affidavit showing that he had property of the judgment debtor. The order was served on Dawes personally by one of the judgment creditors. Dawes did not appear, but subsequently upon his application the service was set aside by the county judge. The only question for review is whether the service of the order by the judgment creditor was proper.

Section 425 of the Code of Civil Procedure, pertaining to the service of a summons in an action, provides that it may be served "by person other than a party to the action." Section 433 is as follows:

"The provisions of this article, relating to the mode of service of a summons, apply likewise to the service of and process or other paper, whereby a special proceeding is commenced in a court, or before an officer,   *   *   * except where special provision for the service thereof is otherwise made by law."

This proceeding is a special proceeding. Section 2433, Code Civ. Proc. Section 2452 sets forth the manner in which the order must be served, but does not designate the person who may or may not make the service. The effect of the Code provisions, therefore, is that primarily the process by which an action or special proceeding is commenced cannot be served by a party to the action or proceeding, unless the Code otherwise directs. The prohibition is general, and in order to sustain service by a party some explicit authority should be found bringing the case within the excepted special provision.

Section 2452 does contain certain requirements essential to the valid service of an order in supplementary proceedings not applicable to the service of a summons. None of these provisions pertain to the person by whom the order may be served. The prohibition against the party in section 425 therefore obtains, because there is no provision "otherwise made by law," and which is necessary to create the exception. While the manner of service has been provided for, yet the clause just referred to seems fairly to imply that the distinct inhibition against a party making service in section 425 is applicable, unless the contrary explicitly appears. Some support for this construction may be found in the practice relating to the commencement of a proceeding in Surrogate's Court, which is a special proceeding commenced by a citation (section 2516), and to which title 1, containing the sections referred to relating to the service of summons, is applicable. Code Civ. Proc. § 2538.

Section 2520 provides for the manner of serving this process, but distinctly provides it may be made by a party to the special proceeding. If the fact that it designates the manner in which service is to be made destroys the effect of sections 425 and 433, prohibiting a party from serving process, it would be unnecessary to provide in terms that a party may serve a citation. There is full as much reason for inhibiting a party from making service of the order in supplementary proceedings as of the summons. There is no complication in serving a summons, while certain additional requirements are necessary in serving an order for proceedings supplemental to execution. Section 2452.

Again, disobedience of the order is punishable "as for a contempt." Section 2457. In proceedings to punish for disobeying the order, if served by a party, the temptation to prevaricate would be extended, and unseemly controversies over the manner of service would be frequent. Public policy would seem to require fairly strict adherence to the general rule of prohibition, unless the given case is clearly within the exception mentioned. in section 433.

The order affirmed, with $10 costs and disbursements. All concur, except McLENNAN, P. J., who dissents in an opinion.

McLENNAN, P. J. (dissenting). I cannot concur in the conclusion reached by a majority of the court that in a proceeding supple-

mentary to execution the judgment creditor may not himself serve an order directing a third party to appear before a referee and be examined concerning property in his hands which it is alleged belongs to the judgment debtor. If the judgment creditor may not serve such order, it must be because of some statutory prohibition; for at common law a party to an action or special proceeding had the right to serve a summons or any order, process, or mandate issued or made by a court or judge, which was not directed to or did not command a particular officer or individual to serve or execute the same. In my opinion there is no statute which prohibits, or which attempts to prohibit, a party from serving an order like the one in question. Section 425 of the Code of Civil Procedure expressly prohibits a party from serving a summons; but such prohibition is confined to the service of a summons, and in no manner relates to the service of an order in supplementary proceedings. The section is as follows:

"Sec. 425. Summons; When and by Whom Served. Sheriff's Duty. The summons may be served by any person, other than a party to the action, except where it is otherwise specially prescribed by law. The plaintiff's attorney may, by an indorsement on the summons, fix a time within which the service thereof must be made; in that case, the service cannot be made afterwards. Where a summons is delivered for service to the sheriff of the county, wherein the defendant is found, the sheriff must serve it and return it, with proof of service, to the plaintiff's attorney, with reasonable diligence."

Sections 426 to 432 of the Code, both inclusive, prescribe the manner in which a summons must be served upon a natural person, infant, lunatic, idiot, habitual drunkard, or a domestic or foreign corporation; but each of such sections relates exclusively to the service of a summons. It is claimed, however, that those sections, or at least section 425, is made applicable to the service of an order in proceedings supplementary to execution by section 433 of the Code. That section is as follows:

"Sec. 433. Service of Process, etc., to Commence a Special Proceeding. The provisions of this article, relating to the mode of service of a summons, apply likewise to the service of any process or other paper whereby a special proceeding is commenced in a court, or before an officer, except a proceeding to punish for contempt, and except where special provision for the service thereof is otherwise made by law."

It is urged that the word "mode," as used in the section last above quoted, refers to the person by whom service may be made, and therefore that the prohibition contained in section 425, which prevents a party to an action from serving the summons, also prohibits a judgment creditor from serving an order made in proceedings supplementary to execution directing the debtor or a third party to appear and answer respecting property which it is claimed should be applied in satisfaction of his judgment. Undoubtedly the claim or contention would have force, were it not for the fact that "special provision for the service thereof [an order like the one in this case] is otherwise made by law." Such "special provision" is contained in section 2452 of the Code, which is as follows:

"Sec. 2452. Mode of Service of Certain Orders. An injunction order, or an order requiring a person to attend and be examined, made as prescribed in this article, must be served as follows: (1) The original order, under the hand of the judge making it, must be exhibited to the person to be served,

(2) A copy thereof, and of the affidavit upon which it was made, must be delivered to him. Service upon a corporation is sufficient, if made upon an officer, to whom a copy of a summons must be delivered. where a summons is personally served upon the corporation; unless the officer is specially designated by the judge, as prescribed in section 2444 of this act."

· By the section last quoted a complete "mode of service" of an order like the one in question is prescribed. It differs essentially from the "mode" of serving a summons. In fact, no part of the "mode" of serving a summons prescribed in the sections of the Code (sections 425 to 432, both inclusive) applies to the service of an order in supplementary proceedings. The "mode" of serving such an order is prescribed solely by section 2452, and such section does not purport to prohibit a party from serving the same. How can it be said that the "mode" of serving a summons as prescribed in sections 425 to 432 of the Code, both inclusive, applies to the service on an order in supplementary proceedings, when not a single step declared to be necessary in order to constitute a legal service of a summons could be taken to effect a legal service of an order like the one in question, except the delivery of a copy of such an order to the person to be served?

Section 2452 does not authorize the plaintiff's attorney, by an indorsement on the order "to fix a time within which the service thereof must be made," nor require the sheriff, in case such an order is delivered to him for service, "to serve it, and return it, with proof of service, to the plaintiff's attorney, with reasonable diligence." It is quite possible that a judgment creditor who has instituted supplementary proceedings may not have an attorney. In any event, if the sheriff returned the order to the creditor, he would have discharged his full duty. Good service of an order like the one in question could not be made "by delivering a copy thereof" to the judgment debtor, he being a natural person. Neither would the service of such an order be legal, if made upon an infant, lunatic, idiot, habitual drunkard, or a domestic or foreign corporation, in the "mode" prescribed by sections 425 to 432, both inclusive. The service of an order in supplementary proceedings, if made as prescribed by those sections, or any of them, would be a nullity, and it cannot be that the Legislature intended by the use of the word "mode" in section 433 of the Code, that the method of serving a summons should apply to the service of an order in proceedings supplementary to execution, when such method, if followed, would not in any sense meet the requirements of section 2452, which expressly provides how such an order must be served and in effect provides that the service of such an order in any other manner is null and void. Neither is it conceivable that by the use of the words "relating to the mode of service of a summons," in section 433 of the Code, the Legislature intended that the provisions of the Code above referred to, which prescribe the manner or way in which a summons must be served, should not apply to the service of an order like the one in question, but that such language was only intended to indicate the person who was competent to serve such an order.

The "mode," manner, method, or way of serving a summons, as prescribed in sections 425 to 432 of the Code, both inclusive, will not answer in the service of an order in supplementary proceedings. The

"mode" which will answer for the service of such an order is prescribed in section 2452, and therefore that section constitutes a "special provision for the service" of such order. It seems to me that "mode of service," as used in section 433, ought not to be held to refer to the person who may make such service. "Mode of service" means manner or method of service, the way in which service may be made, and does not refer to the person making the same. Such is the ordinary and natural meaning of the language employed. When it is said that an act was done in a certain "mode," we have in mind the manner of doing it, and not the person by whom the act was done. We are not, or should not be, concerned about what the law ought to be, or whether or not a judgment creditor should be permitted to serve an order by which proceedings supplementary to execution are instituted upon his judgment. If the law is not as it should be in that regard, it is the duty and solely within the province of the Legislature to make any needed change. Certainly the courts ought not by decision to attempt to supply such legislation, no matter how desirable.

By the service of the order in question, if properly made, the appellant acquired important and valuable rights, and he ought not to be deprived of them, as it seems to me, because of a determination that the language, "mode of service," as used in section 433 of the Code of Civil Procedure, relates solely to the person attempting to make such service, when clearly such words do not refer to the manner of making the same.

The order appealed from should be reversed, with $10 costs and disbursements of this appeal, and the motion to vacate the service of the order in question denied, with $10 costs.